IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-00028-01-CR-W-HFS |
| | ) | |
| TOBY L. BLANKENSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO THE PARTIES**

We recessed sentencing on order to consider revisions in the Probation Office's "standard" special conditions for supervised release for sex offenders involved with a minor or child pornography. Attached is a rough draft of a revision I am considering. I am hopeful it is worded in a way to avoid an evidentiary hearing, but can be dealt with by argument of counsel, to the extent there is disagreement.

I consider this draft as one involving moderately low level supervision, given my supposition that defendant's culpability on a scale of one to ten would be a two or three. Of course all child pornography cases are treated seriously, but I appraise this one as comparatively minor in nature, given the offense description and the defendant's lack of troubling background.

If counsel agree that argument will suffice, sentencing may be rescheduled within a week or so. If an evidentiary hearing is requested by either side, we can go forward with a March 1 proceeding, as tentatively scheduled.. You should advise Tina Duer, our courtroom deputy.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

February 1, 2007

SENTENCING

Defendant Name: Toby L. Blankenship          Date: March 1, 2007
Case No:   06-00028-01-CR-W-HFS


Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Toby L. Blankenship, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for   60   months on Count 1.  The court recommends service of the sentence at _____ _____.

Upon release from imprisonment, the defendant shall be placed on supervised release for eight years. It is further ordered that the defendant shall pay to the United States a special assessment of $100, which shall be due immediately.  Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this Court.  In addition, the defendant shall comply with the following special conditions:

>	Successfully participate in any mental health counseling program, including sexual offender counseling, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.  Upon application to the Court, and for good cause shown, polygraph testing may be used.
>
>	The defendant will neither possess nor have under his control any matter  that depicts or alludes to sexual or sadistic  activity of minors under the age of 18, or depicts such minors in a manner likely be sexually or sadistically provocative to defendant. This includes, but is not limited to, any matter obtained through access to any computers or any material linked to computer access or usage.
>
>	The defendant will not closely associate with minors under the age of 18, except in the presence of a responsible adult who is aware of the nature of defendant's current offense and who has been approved by the Probation Office, but such approval shall generally be given for association with immediate family members.
>
>	The defendant shall consent to periodic unannounced examinations of his computer(s) hardware and software, which may include retrieval and copying of all data from his computer(s), by the Probation Office.  This also includes the removal of computer equipment, if necessary, for the purpose of conducting a more thorough inspection.

The defendant shall consent to third-party disclosure to any employer or potential employer, concerning the computer-related restrictions that have been imposed on him, and the offense causing the restrictions..

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries a vocation, or is a student; as directed by the probation officer. The defendant shall adhere to the registration and notification procedures of the state in which the defendant resides.

The defendant shall not possess, or use any computer; except as approved by the United States Probation Officer, and shall adhere to restrictions on television usage imposed by the Probation Officer, but such restrictions shall be reasonably exercised.

The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), at his expense, any hardware or software systems to monitor computer use.

Successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Satisfy any warrants/pending charges during the first 90 days of supervision.

Upon the defendant's request, it is further recommended that the defendant be designated to an institution for participation in the 500-hour residential substance abuse treatment program.

It is further ordered that the defendant, Toby Leland Blankenship, be remanded to custody for service of the sentence imposed.